U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
NOV 0 8 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARREL GRANT LEDEE | DOCKET NO. 06-CV-1232; SEC. P |
| VERSUS | JUDGE DRELL |
| LT. LANE, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Darrel Grant LeDee, filed *in forma pauperis* on July 19, 2006. LeDee is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is currently incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. LeDee claims that he is being denied access to the WCC law library and the courts. He names as defendants Lieutenant Lane, Nicole Walker, and Sheila Braxton, employees of Winn Correctional Center, and the Corrections Corporation of America ("CCA"). Plaintiff seeks punitive damages and injunctive relief.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court. For the following reasons, it is recommended that Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff has alleged:

1. On July 12, 2006, Plaintiff was using the law library at WCC. [Doc. #1-1, p.2]

2. Plaintiff is housed in WCC's Ash Housing Unit, but it was not Ash's day to use the library. Rather, it was Elm Housing Unit's day to use the library. [Doc. #1-1, p.2]

3. On July 12, 2006, Elm Unit inmates complained because other inmates, such as Plaintiff, were using the library during Elm's designated time.

4. Plaintiff left the law library to get Lieutenant Lane to deal with the complaints. Lt. Lane made all inmates show him their identification cards to confirm which housing unit each was from.

5. Plaintiff showed Lt. Lane his ID; since Plaintiff was not from Elm Unit, Lt. Lane told Plaintiff he had to leave.

6. Plaintiff informed Lt. Lane that he had a "Memorandum" authorizing him to use the law library. Lt. Lane stated that he did not care. [Doc. #1-1, p.2]

7. Plaintiff left the law library and informed the shift supervisor of the situation. The supervisor allowed Plaintiff to go back to the law library. However, when Plaintiff arrived, someone else was working on the typewriters, which are available to inmates on a first come, first serve basis. [Doc. #1-1, p.3]

8. Lt. Lane was looking at Plaintiff "crazy" because Plaintiff "went over his head," so Plaintiff left the library for fear Lt. Lane would lock him up.[Doc. #1-1, p.3]

9. Plaintiff is working on two cases pending in the Louisiana Supreme Court [Doc. #1-1, p.4]

10. Plaintiff filed for post-conviction relief, but his petition was denied.

11. Plaintiff is seeking copies of transcripts from the 15th Judicial District Court under the Freedom of Information Act. [Doc. #1-1, p.4]

## 1. EXHAUSTION

Plaintiff admittedly has not exhausted, or even attempted to exhaust, his administrative remedies. [Doc. #1-1, p.9] Plaintiff states that he "has not used the prison grievance system" because the Louisiana Supreme Court "might rule on both appeals.... any day now." The United States Supreme Court has recognized that Congress enacted the exhaustion requirement found in §1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. See Porter v. Nussle, 534 U.S. 516, 525 (2002). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to the federal courts. Porter, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of the case. See id.

Since the passage of the PLRA, the Fifth Circuit has explained that although the prior version of §1997e, as interpreted by the Supreme Court in McCarthy v. Madigan, 503 U.S. 140, 149-50 (1992), "contained a 'limited' exhaustion requirement that courts had 'ample discretion' to forgo... [i]n contrast, the current version at issue here provides no such discretion -- **exhaustion is mandatory**." Arawole v. Hemingway, 2006 U.S. Dist. LEXIS 56229 (D. Tex. 2006)(emphasis added), citing Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002)(other citations and quotations omitted); see also Porter, 534 U.S. at 524 (Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Plaintiff has admittedly failed to exhaust the administrative remedies available to him. Generally, when a plaintiff has failed to exhaust, the case is dismissed without prejudice in order to

allow the petitioner the opportunity to properly exhaust administrative remedies. However, 42 USCS § 1997e also provides, "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court <u>may dismiss the underlying claim without first requiring the exhaustion of administrative remedies</u>." 42 USCS § 1997e. The instant case is frivolous and fails to state a claim for which relief can be granted. Therefore, the claims should be dismissed as such, with prejudice.

## 2. LAW AND ARGUMENT

The only allegation against Lt. Lane is that he told Plaintiff to leave the library because it was not the designated day for Plaintiff's housing unit to access the library. In his amended complaint, Plaintiff claims that Plaintiff spoke with Braxton and Walker about the "situation" with Lt. Lane and the law library, and nothing was done about it. Therefore, Plaintiff concludes that the inaction of Braxton and Walker were "intentionally, maliciously and sadistically done" in violation of his constitutional rights.

Plaintiff was not prejudiced in any way by the actions of Lt. Lane or the alleged inaction of Braxton and Walker. Minutes after Lane ordered Plaintiff to leave the library because he was not in Elm Housing Unit, Plaintiff was allowed back into the library. Plaintiff had a "Memorandum" from Defendant Walker, the Program Manager at WCC, stating that he should be allowed to go to the law library "after work hours" from July 6, 2006 through July 14, 2006. [Doc. #1-3, p.1] Plaintiff has not alleged that his access to the library per the Memorandum was hindered at any time other than the one incident complained of on July 12, 2006. Furthermore, Plaintiff admits that he was allowed daily access to the library for two weeks in addition to the regular time allotted to each

4

housing unit on a weekly basis.

Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. See Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Id. Significantly, to state a claim that the constitutional right of access to the courts was violated, a prisoner must demonstrate that his position as a litigant was **actually prejudiced**. See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 10-12 (D. La. 2006), citing Lewis v. Casey, 518 U.S. 343, 351-52, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Plaintiff must prove that he missed deadlines for cases or had pending lawsuits dismissed for failure to prosecute due to the denial or restriction of the use of the law library. See Bounds v. Smith, 430 U.S. 817. "Plaintiff has no constitutionally protected right to 'browse' at the law library." Waldrop v. Mississippi Dep't of Corrections, 1994 U.S. Dist. LEXIS 21166, 3-4 (D. Miss. 1994).

Plaintiff claims that he needs to be in the law library on a daily basis because the Louisiana Supreme Court might rule on his pending cases any day now. In the alternative, he needs daily access to the library so he can file a request with this Court to order the Louisiana Supreme Court to rule on his case. First, this Court cannot order the Louisiana Supreme Court to rule on Plaintiff's case. Besides that, Plaintiff has failed to show that he missed any court deadlines or statutes of limitations that would establish the prejudice needed to succeed on an access to courts claim. Plaintiff was given special permission by Defendant Walker to spend fourteen days in the law library

after working hours in order to prepare court documents. Subsequent to that, Plaintiff was able to access the library on the day designated for his housing unit. He was hardly denied access to the library.

Additionally, the access granted to Plaintiff was sufficient for him to file a complaint and amended complaint in the instant case, an application for post conviction relief in the 15th JDC [Doc. #1-1 p.4], an appeal to the Louisiana Third Circuit Court of Appeal [Doc. #1-1, p.4], a "Freedom of Information Act Request for Information" to the 15th JDC Clerk of Court [Doc. #1-1, p.4], multiple Motions for Information in the 15th JDC [Doc. #1-1, p.8], multiple motions and requests for information with the Third Circuit [Doc. #1-1, p.8], a Writ of Mandamus to the Third Circuit [Doc. #1-1, p.5], appeals to the Louisiana Supreme Court [Doc. #1-1, p.5, 7], as well as other legal memoranda and correspondence to those courts.

For the foregoing reasons, Plaintiff has failed to state a claim for which relief can be granted; his complaint is frivolous and should be dismissed as such.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed**

legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of ____November____, 2006.

James D. Kirk
UNITED STATES MAGISTRATE JUDGE